FILED
SUPERIOR COURT
OF GUAM

2014 SEP 12 PM 3: 13

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

CHAMORRO EQUITIES, INC., )  Civil Case no. CV0408-13
          )
   Plaintiff, )
   vs. )
          )
VIVIAN McCURDY, LISA ULLOA, and ) **DECISION AND ORDER**
FEDERICK ULLOA, )
          )
   Defendants. )
_____ )
          )
VIVIAN McCURDY, WALTER D. ULLOA, )
JUDITH E. OLIVER, and LISA ULLOA )
          )
   Counterclaim Plaintiffs, )
          )
vs. )
          )
CHAMORRO EQUITIES, INC., ROBERT V. )
ULLOA, GERALD D. HARTWICK, )
KENNETH E. THOMPSON, PRISCILLA U. )
HARTWICK, SHEILA M. MANALOTO, and )
DOES 2-10, )
   Counterclaim Defendants, )
_____ )
          )
MEC, LLC., )
   Intervenor. )
_____

## INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Intervenor's motion for protective order was taken under advisement by the Honorable Judge Michael J. Bordallo on August 5, 2014. The Intervenor, MEC LLC. (hereafter MEC), was represented by



attorney Joseph C. Razzano. Plaintiff was represented by attorney Mitchell F. Thompson. Counterclaim Defendants Robert V. Ulloa, Gerald D. Hartwick, Kenneth E. Thompson, Priscilla U. Hartwick, and Sheila M. Manaloto, (hereafter Counterclaim Defendants) did not file any papers regarding this motion. After considering the matters presented, the Court now issues the following decision and order DENYING as moot MEC's motion.

## BACKGROUND

This case arises out of a March 29, 2013 complaint for the cancellation and collection of several improper loan agreements, made between Plaintiff and Defendants. Compl. at 2-5. The complaint seeks to void the loans and recover the amounts of the loans. *Id.* at 5. MEC asserts an ownership interest in Defendant McCurdy's shares, dividends and rights to corporate participation, Defendant McCurdy's collateral for the loans which is allegedly being held by Plaintiff. It has accordingly been allowed to intervene herein.

On July 2, 2014, citing a July 3, 2014, scheduled deposition of MEC and rule 26(c) of the Guam Rules of Civil Procedure, MEC requested that, the Court enter and order barring the July 3, 2014 deposition. Mot. at 1-2. In support of the request MEC asserts that through stipulation it agreed to be deposed between the dates of August 25-27, 2014. *Id.* at 2. It argues that the July 3, 2014 notice violates that agreement and would require MEC to cancel travel plans and so cause it an undue burden. *Id.*

Plaintiff filed its opposition to MEC's request on July 31, 2014. Mot. at 1. While Plaintiff argues that the issue has been made moot, the need to obtain information to oppose MEC's injunction past, it also disputes that MEC has asserted sufficient specific verified facts to support a finding of good cause. *Id.* It further asserts and argues that MEC has been less than forthright in its assertions and making itself available to discovery. *Id.* at 2-6.

MEC filed its reply on August 13, 2014. Reply at 1. In it MEC asserts that Plaintiff's

August 27, 2014, deposition of MEC has been re-noticed and that the issue is accordingly moot. *Id.* at 2. It further details the specifics of the Parties' discovery agreement which was strictly set to accommodate and comply with the Parties' travel schedules and the tight discovery deadline. *Id.* MEC argues that Plaintiff's breach of this agreement provides sufficient cause to grant the motion. *Id.* at 3-4. Lastly it argues that its filing of a motion for injunctive relief did not justify Plaintiff's breach of the discovery agreement.

## DISCUSSION

Citing U.S. Federal law the Guam Supreme Court has often referred to the Constitution's federal court prohibition to rendering advisory opinions and limit to cases in controversy. *Maeda Pacific Corp. v. GMP Hawaii, Inc.*, 2011 Guam 20 ¶ 19; *In re I Mina' Bente Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3 ¶ 12 (A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot). In this case the Parties both concede that the issue of whether a protective order should enter prohibiting MEC July 3, 2014 deposition is moot. The Court agrees, accordingly absent some further request, MEC's motion is denied as moot.

## CONCLUSION

Based upon the foregoing the Court DENIES MEC's request.

SO ORDERED, this ___/2___ day of ___Sept___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: Guille & TANG

M. Thompson

Date: 9/12/14  Time: 3:10pm

Deputy Clerk, Superior Court of Guam